**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
FREAR STEPHEN SCHMID; ASTRID
SCHMID,

               Plaintiffs-Appellants,

v.

COUNTY OF SONOMA, by and through
its Permit and Resource Management
Department,

               Defendant-Appellee.
</td><td>
No.   23-15314

D.C. No. 3:21-cv-01920-TLT

MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Trina Thompson, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Plaintiffs-Appellants Frear Stephen Schmid and Astrid Schmid (the

Schmids) appeal a district court's dismissal of their section 1983 lawsuit against

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellee the County of Sonoma. The district court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We **AFFIRM** the district court's dismissal of all claims with prejudice and without leave to amend. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

"We review de novo the dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . ." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 624 (9th Cir. 2020). "[W]e may affirm [a Rule 12(b)(6) dismissal] based on any ground supported by the record." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). "We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). In reviewing questions of state law, "[t]he district court's interpretation . . . is reviewed de novo." *Jackson v. Gates*, 975 F.2d 648, 654–55 (9th Cir. 1992).

The Schmids do not adequately plead a basis to hold the County of Sonoma liable under section 1983. A "municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). Instead, municipalities can be held liable only when there is "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

On appeal,[1] the Schmids ask us to decide whether, under the Supreme Court's decisions in *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (plurality), and *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), they can hold the County of Sonoma liable for a single decision: issuing the Schmids' neighbor, the Two Rock Fire Department, a permit for their new building and parking lot subsequent to allegedly inadequate notice.

They cannot. Although, under *Praprotnik* and *Pembaur*, municipalities can be held liable for "single decision[s]," the Schmids must also "establish that the individual who committed the constitutional tort was an official with 'final

---

[1] On appeal, the Schmids abandon their practice or custom claims and focus their arguments solely on whether the County of Sonoma can be held liable for a single decision of "a final policymaking authority." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002).

3

policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992). The Schmids theorize that the Director of Sonoma County's Permit and Resource Management Department (PRMD), Tennis Wick, is "an authorized official policy maker for the County and [] the ultimate/final policy maker for [PRMD]" and "implemented, furthered, and allowed the conduct and policy" that injured the Schmids.

The Schmids do not present a plausible theory as to how, under state law, Wick is a final policy maker. For the purposes of *Monell* liability, it does not matter whether Wick was the final decision maker in this particular case. Rather, the question of whether Wick holds final policymaking authority "is a question of state law." *Pembaur*, 475 U.S. at 483. The Schmids assert that their alleged interactions with Wick establish that Wick holds final policymaking authority. However, the district court properly concluded that the Schmids' "[s]tatements of personal knowledge based on interactions not germane to the current action do not constitute plausible factual assertions." *See Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).

The Schmids' allegations that Wick is vested with the discretion to issue a use permit and waive a hearing are insufficient, they must also show Wick is

"responsible for establishing *final* policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483 & n.12 (emphasis added). Under Sonoma's County Code, Wick's decisions are appealable to two higher bodies. Sonoma, Cal. County Code § 26-93-040(b) ("Any interested person may appeal any . . . permit . . . [issued] by the planning director . . . to the board of zoning adjustments or the planning commission."). And the Schmids concede that Wick reports to the County Board of Supervisors. The amended complaint does not point to any state law that vests Wick with *final* policymaking authority over Sonoma County's land use policies (to give one example, Wick cannot change or repeal the amended complaint's cited sections of the County Code that create setback requirements). For these reasons, the Schmids failed to plead facts sufficient to state a municipal liability claim.

In the alternative, the Schmids argue that either Wick's actions were ratified by the County, or the County delegated its final policymaking authority to Wick. The amended complaint makes a single vague reference to ratification in the context of a related state court action and does not mention delegation. The amended complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5

Finally, the district court did not abuse its discretion when it dismissed the case without prejudice and leave to amend. The Schmids' amended complaint repeats the errors that led to the original complaint's dismissal. The amended complaint does not include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Further, amendment would be futile, as the Schmids have not presented a legal theory that establishes municipal liability. As "[t]he district court's discretion to deny leave to amend is particularly broad where [a] plaintiff has previously amended the complaint," we decline to disturb its decision. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Because the Schmids failed to plead facts sufficient to state a municipal liability claim, we need not—and do not—resolve any other issue urged by the parties, including the merits of the Schmids' constitutional claims.

**AFFIRMED.**

6